IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOLANI ISLANDER, LLC, | ) CIVIL NO. 16-00429 ACK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY DEFENDANT'S MOTION FOR AWARD |
| vs. | ) OF ATTORNEYS' FEES |
| | ) |
| | ) |
| STEWART TITLE GUARANTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION FOR AWARD OF ATTORNEYS' FEES[1]

Before the Court is Defendant's Motion For Award of Attorneys' Fees, filed on December 22, 2017 ("Motion"). ECF No. 60. Defendant requests an award of attorneys' fees pursuant to Hawaii Revised Statutes Section 607-14. Plaintiff filed its Opposition on January 19, 2018. ECF No. 63. Defendant filed its Reply on February 2, 2018. ECF No. 64. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 61. After careful consideration of the submissions of the parties and the relevant legal authority, the Court FINDS AND RECOMMENDS that Defendant's Motion be DENIED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND[2]

On August 3, 2016, Plaintiff filed a Complaint for declaratory and injunctive relief against Defendant. ECF No. 1. Plaintiff alleged that Defendant wrongfully withheld in escrow $200,000 that was deposited in connection with a real estate auction run by Concierge Auctions LLC ("Concierge"). Id.

Defendant acted as the escrow agent for the auction of property in Idaho. ECF No. 45-11. To participate in the auction, a prospective bidder had to submit a Bidder Registration form and wire to Defendant a $500,000 deposit prior to September 15, 2015. ECF No. 41 ¶ 8. On August 21, 2015, Brian Anderson wired from Plaintiff's bank account a partial deposit of $200,000 to Defendant. Id. ¶ 1. Mr. Anderson generally had authority to wire money from Plaintiff's accounts. ECF No. 45 ¶ 3. Neither Plaintiff nor Mr. Anderson executed a Bidder Registration form or Escrow Agreement. ECF No. 41 ¶¶ 10, 15.

On August 19, 2015, Rodger May signed a Bidder Registration form and Escrow Agreement. ECF No. 45-10; ECF No. 45-11. On August 24, 2015, Mr. May deposited $300,000 to Defendant. ECF No. 41 ¶ 11; ECF No. 45 ¶ 15. Defendant

---

[2] The recitation of background facts is taken in part from the court's November 7, 2017 Order Granting Defendant's Motion for Summary Judgment to the Extent the Court Exercises its Discretion to Decline to Entertain Plaintiff's Claims and Denying as Moot Plaintiff and Defendant's Motions for Summary Judgment. See ECF No. 58 at 2-4.

categorized Plaintiff's $200,000 deposit as satisfying the balance of Mr. May's $500,000 deposit obligation for the auction. ECF No. 41 ¶ 24.  Though Mr. May is not Plaintiff's agent, he had previously jointly bid with Mr. Anderson on other properties sold by Concierge.  ECF No. 45 ¶ 1; ECF No. 41 ¶ 25.  Concierge identified the winning bid of the property auction as "Rodger May/Brian Anderson/Iolani Islander."  ECF No. 54 ¶ 40.  The Escrow Agreement Mr. May signed provided that if a successful bidder did not fulfill its obligations under the Agreement, the deposit would be released to Concierge.  Id. ¶ 41.  Mr. May did not execute a purchase agreement, and on October 1, 2015, Defendant informed Mr. May that it would be remitting the $500,000 deposit to Concierge.  Id. ¶¶ 42-43.

In it Complaint Plaintiff asked for an order and judgment:

1. Declaring that Iolani Islander was never a bidder at the Auction as it never fulfilled the registration requirements to bid;
2. Declaring Iolani Islander has the immediate right to possess the $200,000 Stewart Title now holds in escrow as no other party was authorized to use and/or keep Iolani islander's initial deposit;
3. Ordering that Stewart Title return the $200,000 it received on August 21, 2015 from Iolani Islander.
4. Awarding Iolani Islander its attorneys' fees and costs as allowed by law; and
5. Granting such other and further relief as the Court may deem just and equitable.

ECF No. 1 at 5.

Both parties filed motions for summary judgment on August 16, 2017.  ECF Nos. 40, 43.  On November 7, 2017, the court issued an Order Granting Defendant's Motion for Summary Judgment to the Extent the Court Exercises its Discretion to Decline to Entertain Plaintiff's Claims and Denying as Moot Plaintiff and Defendant's Motions for Summary Judgment, dismissing Plaintiff's claims without prejudice.  ECF No. 58.  The Clerk entered judgment on December 8, 2017.  ECF No. 59.  The present Motion followed.

## DISCUSSION

In diversity cases, the Court must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)). Here, Defendant seeks an award of fees under Hawaii Revised Statutes Section 607-14.  Section 607-14 provides that attorneys' fees shall be awarded to the prevailing party "in all actions in the nature of assumpsit."  Haw. Rev. Stat. § 607-14.[3]

---

[3] For purposes of this Motion, the Court assumes, without finding, that Defendant is the prevailing party.

4

Assumpsit is defined as "'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'" Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) (quoting Schulz v. Honsador, 690 P.2d 279, 281 (Haw. 1984)) (emphasis added). For a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (Haw. 2007).

Here, Defendant asserts that Plaintiff's Complaint is in the nature of assumpsit. ECF No. 60 at 1, 2, 7-10. In support, Defendant points to one excerpt from Plaintiff's reply in support of its motion for summary judgment where Plaintiff states that under "Idaho law, where an escrow bank receives property upon deposit, there results an implied contract that he will return it to the depositor upon demand." ECF Nos. 60 at 8-9; 55 at 8. Defendant highlights the phrase "implied contract" to assert that Plaintiff's claims are contractually based. Id. However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999). To determine whether the action is in the nature of assumpsit, the court should examine "the substance of

5

the entire pleading, the nature of the grievance, and the relief sought." S. Utsunomiya Enters., Inc. v. Moomuku Cnty. Club, 879 P.2d 501, 505 (Haw. 1994).

In reviewing the substance of the entire pleading, the Court finds that Plaintiff's primary objective was not to seek monetary damages related to a breach of a contract. See Kahala Royal Corp., 151 P.3d at 761. Rather, the primary relief that Plaintiff sought was a declaration that Defendant unlawfully accepted and withheld the funds in violation of the Idaho Escrow Act. See ECF No. 63 at 15. The district court noted in its Order Granting Summary Judgment that "although Plaintiff appears to claim elsewhere in its briefing that there was an implied contract to return its deposit on demand, Pl. Reply at 8, Plaintiff does not appear to allege a breach of contract claim in its complaint." ECF No. 58 at 28 n.3. Additionally, the district court found that, "[i]n requesting a declaration regarding Defendant's acceptance and distribution of its deposit, Plaintiff is simply seeking a declaration that Defendant had violated the Idaho Escrow Act in the manner alleged." Id. at 26-27. "An action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not 'in the nature of assumpsit.'" Chock v. Gov't Emps. Ins. Co., 81 P.3d 1178, 1183 (Haw. 2003).

As to the specific allegations against Defendant,

6

Plaintiff alleged statutory violations of Idaho law and did not make claims based on any contractual rights.  See generally, ECF No. 1.  According to Plaintiff, Defendant violated the Idaho Escrow Act by accepting funds into escrow and then distributing them without written instruction from Plaintiff.  ECF No. 63 at 15.  The Complaint did not allege that Defendant breached a contract and did not seek damages based on the breach of any obligation arising out of a contract.  See Romero v. Hariri, 911 P.2d 85, 94 (Haw. Ct. App. 1996) (holding that an action that challenged the validity of a contract based on fraud where the plaintiff sought a declaration that the contract was void was "one in tort" because the claim did not arise out of the contract or breach thereof); Pascual v. Aurora Loan Servs. LLC, Civ. No. 10-00759 JMS-KSC, 2012 WL 5881972, at *5 (D. Haw. Oct. 31, 2012), *adopted by* 2012 WL 5881858 (D. Haw. Nov. 21, 2012) (holding that the action was not in the nature of assumpsit where the plaintiff's primary allegations were that the defendant was not the legal mortgagee and lacked authority to enforce the assignment of the mortgage).  Because Plaintiff's claims were declaratory in nature and not based on a breach of a contract, the Court finds that Plaintiff's Complaint was not in the nature of assumpsit.  Accordingly, the Court FINDS that Defendants are not entitled to an award of attorneys' fees under Section 607-14.

7

CONCLUSION

The Court FINDS and RECOMMENDS that Defendants' Motion for Award of Attorneys' Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 28, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**IOLANI V. STEWART; CIVIL NO. 16-00429 ACK-RLP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES**