IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOLANI ISLANDER, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>STEWART TITLE GUARANTY<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 16-00429 ACK-RLP<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING THE FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES**

For the reasons set forth below, the Court adopts the Findings and Recommendation to Deny Defendant's Motion for Award of Attorneys' Fees, ECF No. 65, issued by Magistrate Richard L. Puglisi on February 28, 2018.

### BACKGROUND[1]

On August 3, 2016, Plaintiff Iolani Islander, LLC ("Plaintiff") filed a complaint for declaratory and injunctive relief against Defendant Stewart Title Guaranty Co. ("Defendant"). Compl., ECF No. 1. Plaintiff alleged that Defendant wrongfully withheld in escrow $200,000 that was

---

[1] This factual background is primarily drawn from the Court's November 7, 2017 Order Granting Defendant's Motion for Summary Judgment to the Extent the Court Exercises its Discretion to Decline to Entertain Plaintiff's Claims and Denying as Moot Plaintiff and Defendant's Motions for Summary Judgment. See ECF No. 58 at 2-4. It is provided for context only, and these background facts are not to be construed as findings of fact that the parties may rely on in any future proceedings.

1

deposited in connection with a real estate auction that Concierge Auctions LLC ("Concierge") ran. Id.

Defendant acted as the escrow agent for the auction of the Big Wood River Estate, a property in Idaho. ECF No. 45-11. In order to participate in the auction, prospective bidders were required to submit a Bidder Registration form and wire Defendant a $500,000 deposit before September 15, 2015. ECF No. 41 ¶ 8.

On August 21, 2015, Brian Anderson wired a partial deposit of $200,000 from Plaintiff's bank account. Id. ¶ 1. Mr. Anderson generally had authority to wire money from Plaintiff's accounts. ECF No. 45 ¶ 3. Neither Plaintiff nor Mr. Anderson executed a Bidder Registration form or Escrow Agreement in their own name. ECF No. 41 ¶¶ 10, 15.

Two days earlier, on August 19, 2015, Rodger May signed a Bidder Registration form and Escrow Agreement. ECF No. 45-10; ECF No. 45-11. He then deposited $300,000 with Defendant on August 24, 2015. ECF No 41 ¶ 11; ECF No. 45 ¶ 15. Defendant characterized the $200,000 Mr. Anderson deposited from Plaintiff's account as a deposit satisfying the remaining balance needed for Mr. May's $500,000 deposit. ECF No. 41 ¶ 24. Mr. May is not Plaintiff's agent, however, he and Mr. Anderson had jointly bid on other properties Concierge sold in the past. ECF No. 45 ¶ 1; ECF No 41 ¶ 25.

When the auction ended, Concierge identified the winning bidder of the Big Wood River Estate auction as "Rodger May/Brian Anderson/Iolani Islander." ECF No 50 ¶ 40. Significantly, the Escrow Agreement Mr. May signed stated that a successful bidder's deposit would be released to Concierge if that bidder failed to fulfill its obligations under the agreement. Id. ¶ 41. Mr. May failed to execute a purchase agreement, and on October 1, 2015, Defendant informed Mr. May it would be remitting the $500,000 deposit to Concierge. Id. ¶¶ 42-43 & Ex. R.

On August 3, 2016, Plaintiff filed its Complaint seeking declaratory and injunctive relief. ECF No. 1. Specifically, the Complaint asked for an order and judgment:

1. Declaring that Iolani Islander was never a bidder at the Auction as it never fulfilled the registration requirements to bid;
2. Declaring Iolani Islander has the immediate right to possess the $200,000 Stewart Title now holds in escrow as no other party was authorized to use and/or keep Iolani Islander's initial deposit;
3. Ordering that Stewart Title return the $200,000 it received on August 21, 2015 from Iolani Islander;
4. Awarding Iolani Islander its attorneys' fees and costs as allowed by law; and
5. Granting such other and further relief as the Court may deem just and equitable.

ECF No. 1 at 5.

On August 16, 2017, both parties filed motions for summary judgment. ECF Nos. 40, 43. The Court issued an Order Granting Defendant's Motion for Summary Judgment to the Extent the Court Exercises its Discretion to Decline to Entertain Plaintiff's Claims and Denying as Moot Plaintiff and Defendant's Motions for Summary Judgment on November 7, 2017, which dismissed Plaintiff's claims without prejudice. ECF No. 58. On December 8, 2017, the Clerk entered judgment.

Thereafter, on December 22, 2017, Defendant filed a Motion for Award of Attorneys' Fees. ECF No. 60. Plaintiff filed its Opposition on January 19, 2018, ECF No. 63, and Defendant filed its Reply on February 2, 2018, ECF No. 64. On February 28, 2018, Judge Puglisi issued his Findings and Recommendation to Deny Defendant's Motion for Award of Attorneys' Fees. ECF No. 65 ("F&R").

In the F&R, Judge Puglisi found that Defendant was not entitled to attorneys' fees under Hawaii Revised Statutes ("HRS") § 607-14. F&R at 7. Judge Puglisi examined the substance of the pleading, the nature of the grievance, and the relief sought, and determined that Plaintiff's claims were declaratory in nature and not based on a breach of contract. Id. at 6-7. Specifically, Judge Puglisi found that the Complaint neither alleged that Defendant breached a contract nor

4

sought damages based on the breach of any contractual obligation.  Id. at 7.

On March 14, 2018, Defendant filed an objection to Judge Puglisi's F&R ("Obj.").  ECF No. 66.  On March 28, 2018, Plaintiff filed a response to the objection.  ECF No. 67.

**STANDARD**

The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  United States v. Bright, Civ. No. 07-00311 ACK-KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).  If a party objects to a magistrate judge's findings or recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district court must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

Under a de novo standard, a district court "review[s] the matter anew, the same as if it had not been heard before,

and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

It is within the district court's discretion to "receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions." Local Rule 74.2. Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## **DISCUSSION**

Defendant objects to the F&R on one basis: its finding that the action was not in the nature of assumpsit. Obj. at 2, 9. Defendant contends that the F&R placed undue emphasis on the content of Plaintiff's Complaint and failed to consider the record as a whole. Id. at 2. The Court disagrees with Defendant's objection and accordingly ADOPTS Magistrate Judge Puglisi's Findings and Recommendation.

In diversity cases, state law governs whether a party is entitled to attorneys' fees. Lagstein v. Certain Underwriters at Lloyd's of London, 725 F.3d 1050, 1056 (9th Cir.

6

2013).  Under Hawaii law, attorneys' fees generally "cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1269 (D. Haw. 2013) (quoting Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Haw. 286, 305, 141 P.3d 459, 478 (Haw. 2006)); Lee v. Aiu, 85 Haw. 19, 31-32, 936 P.2d 655, 667-68 (Haw. 1997).  HRS § 607-14—pursuant to which Defendant claims entitlement to attorneys' fees here—"is a statutory exception" to the general rule.  Au, 933 F. Supp. 2d at 1269.  It mandates that the prevailing party[2] recover attorneys' fees "in all actions in the nature of assumpsit."  HRS § 607-14.

"Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  Kamalu v. Paren, Inc., 110 Haw. 269, 275, 132 P.3d 378, 384 (Haw. 2006) (citation omitted).  Courts have explained that assumpsit "covers all possible contract claims."  Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982).  The mere fact that a claim "relate[s] to a contract between the parties," however, "does not render a dispute between the parties an assumpsit action."  TSA Int'l Ltd. v. Shimizu Corp., 92 Haw. 243, 264, 990 P.2d 713, 734 (Haw. 1999), as amended on denial of

---

[2] The Court, like the F&R, assumes without finding that Defendant was the prevailing party.

7

reconsideration (Dec. 30, 1999) (alteration in original). Thus, "when the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not in the nature of assumpsit." Leslie v. Estate of Tavares, 93 Haw. 1, 7, 994 P.2d 1047, 1053 (Haw. 2000) (citation and internal quotation marks omitted); see also Chock v. Gov't Employees Ins. Co., 103 Haw. 263, 268, 81 P.3d 1178, 1183 (Haw. 2003) (holding that the defendant insurance company could not recover attorneys' fees because HRS § 607–14 does not provide for recovery in declaratory judgment actions). To determine if a claim is in the nature of assumpsit, courts examine "the substance of the entire pleading, the nature of the grievance, and the relief sought." Au, 933 F. Supp. 2d at 1271 (quoting S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 76 Haw. 396, 400, 879 P.2d 501, 505 (Haw. 1994)).

  Here, Defendant contends that the F&R "relies upon the erroneous conclusion" that whether the action is in the nature of assumpsit is determined by reviewing the complaint and not the record as a whole. Obj. at 2. Notwithstanding the F&R's thorough examination of "the substance of the entire pleading, the nature of the grievance, and the relief sought," F&R at 5-6 (citing S. Utsunomiya Enters., Inc, 76 Haw. at 400, 879 P.2d at 505), Defendant contends that the F&R "apparently" considered only "the four corners of [Plaintiff's] Complaint." Obj. at 3.

8

The Court has reviewed the issue de novo and finds that the action is not one in the nature of assumpsit.

I. **The Facts and Issues Raised in the Complaint**

The first consideration—the facts and issues the Complaint raises—militates against characterizing this action as one the nature of assumpsit. There is no allegation in the Complaint that Defendant breached any contract; rather, the Complaint alleges the opposite: that Plaintiff and Defendant never had a contract. E.g., ECF No. 1 at 3; see also ECF No. 58 at 27 ("The Court notes that Plaintiff appears to have taken the position that it may not bring a breach of contract action because there was no written escrow agreement."). Indeed, Plaintiff alleges that Defendant wrongfully refused to return its deposit even though Plaintiff neither completed its registration as a qualified bidder nor authorized another party to use its deposit. ECF No. 1 at 3-4 (alleging that Plaintiff is the rightful owner of the $200,000 deposit because Plaintiff failed "to even register as a qualified bidder").

Accordingly, the Court noted in its Order Granting Summary Judgment that Plaintiff did not bring a breach of contract claim. ECF No. 58 at 28 n.3 ( "Although Plaintiff appears to claim elsewhere in its briefing that there was an implied contract to return its deposit on demand, Pl. Reply at 8, Plaintiff does not appear to allege a breach of contract

9

claim in its complaint."). Because Plaintiff pleads the non-existence of a contract, its factual allegations are not the type "that historically . . . would have been brought in assumpsit." Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) (citing Healy-Tibbitts Constr. Co. 673 F.2d at 286); see also Tumpap v. Aurora Loan Servs. LLC, No. CIV. 10-00325 SOM, 2011 WL 2939545, at *4 (D. Haw. May 24, 2011), R. & R. adopted, No. CIV. 10-00325 SOM, 2011 WL 2939414 (D. Haw. July 19, 2011) (finding action not in the nature of assumpsit even though the plaintiff listed "breach of contract" and "breach of implied covenant of good faith and fair dealing" in its Third Amended Complaint because "there [we]re no allegations in the Third Amended Complaint that Defendant Rosen and Plaintiff were parties to any contract"); Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Haw. 251, 282, 151 P.3d 732, 763 (Haw. 2007) ("Although [Plaintiff] also requested money damages, such a request does not appear to be based upon the non-performance of a contractual or quasi-contractual obligation. The mere fact that [Plaintiff]'s claims relate to contracts between [Defendants and others] does not render a dispute between the parties in the nature of assumpsit." (citation and internal quotation marks omitted)). The factual allegations of the Complaint therefore support the conclusion the action is not in the nature of assumpsit.

## II. The Nature of the Grievance and the Relief Sought

Consideration of the nature of the grievance and the relief sought also shows that this action is not in the nature of assumpsit. As to the nature of the grievance, Plaintiff alleged statutory violations against Defendant. It consistently argued throughout the litigation that Defendant violated Idaho Code §30-919, the Idaho Escrow Act, when it accepted funds into escrow without a written agreement or signed escrow instructions.[3] E.g., ECF No. 40-1 at 8-9; ECF No. 63 at 15. Indeed, the Court noted in its Order Granting Summary Judgment that "Plaintiff is simply seeking a declaration that Defendant had violated the Idaho Escrow Act in the manner alleged." ECF No. 58 at 26-27.

Defendant seizes on a single excerpt from Plaintiff's Reply to argue that Plaintiff's claims are predicated on the existence of an implied contract. Obj. at 11-12. This contention is misguided. Putting aside whether a single portion of a Reply brief informs the Court more about the nature of Plaintiff's grievance than Plaintiff's Complaint and other

---

[3] Defendant argues that because Idaho Code § 30-919 does not contain a private right of action, Plaintiff's grievance "was ostensibly predicated on [its] claim the [Defendant] allegedly breached an 'implied contract' created by Idaho Law. Obj. at 11. But the absence of a private right of action in a particular statute, along with a plaintiff's supposed failure to state a viable claim under that statute, does not automatically transform a plaintiff's statutory claim into one for breach of implied contract. Defendant points to no authority standing for the proposition that the lack of a private right of action under a particular statute can have such an effect. See, e.g. id.

11

briefing, the mere fact that claims "relate to a contract between the parties does not render a dispute between the parties an assumpsit action." Kahala Royal Corp., 113 Haw. at 281, 151 P.3d at 762 (Haw. 2007) (citing TSA Int'l Ltd., 92 Haw. at 264, 990 P.2d at 734). Rather, as previously discussed, Plaintiff's allegations in its Complaint and the vast majority of arguments it made before this Court relied upon the non-existence of a contractual relationship between the parties. It is the province of the Court—untethered from any inartful pleading or briefing by a party—to determine "the character of the action." Blair v. Ing, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001) (citations omitted).

Additionally, Plaintiff primarily sought declaratory relief. ECF No. 1 at 5. In its prayer for relief, Plaintiff sought a declaration that it was never a bidder at the Auction and had the immediate right to possess its $200,000 deposit. ECF No. 1 at 5. Courts have explained that "an action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not 'in the nature of assumpsit.'" Great Divide Ins. Co. v. AOAO Maluna Kai Estates, No. 05-00608 ACK LEK, 2007 WL 2484322, at *4 (D. Haw. Aug. 28, 2007) (citing Chock, 103 Haw. 263, 268, 81 P.3d 1178, 1183 (Haw. 2003)); see also Allstate Ins. Co. v.

Silva, 130 Haw. 346, 310 P.3d 1047 (Haw. Ct. App. 2010)[4] ("[Plaintiff] only sought a declaration as to a party's rights or responsibilities, which, under Chock, is not in the nature of assumpsit."). Plaintiff's complaint does not even implicate a contract here; it seeks a declaration as to the parties' rights and responsibilities predicated on the absence of a contract.

Defendant is correct to point out that Plaintiff's request for an order directing Defendant to return the $200,000 deposit resembles a request for monetary relief. Obj. at 12. The Court has noted as much. See ECF No. 58 at 27 n.2 ("[B]ecause Defendant no longer has the specific funds Plaintiff deposited in escrow, the relief Plaintiff seeks seems more like a claim for damages."). That request alone, however, is not sufficient to turn this action into one in the nature of assumpsit. It is well established that for a claim to be in the nature of assumpsit, recovery of money damages must be "the basis of a claim factually implicat[ing] a contract." Leslie, 93 Haw. at 7, 994 P.2d at 1053 (citation omitted); Lee, 85 Haw. at 31-32, 936 P.2d at 667-68 (concluding that a claim for specific enforcement of an agreement was not an action in the nature of assumpsit, even though the claimant prayed for money damages as alternative relief); see also Allstate Ins. Co. v. Leong, No. CIV. 09-00217 SOM-KS, 2010 WL 3210755, at *3 (D. Haw.

---

[4] Silva is an unpublished disposition cited only as additional authority.

July 23, 2010), R. & R. adopted, No. CIV. 09-00217 SOM/KS, 2010 WL 3210753 (D. Haw. Aug. 13, 2010) ("[W]hen the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not in the nature of assumpsit.") (citation and internal quotation marks omitted)). The relief Plaintiff seeks here—even relief in the form the return of its deposit—is rooted in Defendant's alleged violation of the Idaho Escrow Act rather than a breach of contract. ECF No. 1 at 5.

Furthermore, courts have explained that declaratory judgment actions seeking monetary or consequential damages may be in the nature of assumpsit. See, e.g., Port Lynch, Inc. v. Samsung Fire & Marine Ins. Co., No. CIV. 11-00398 DKW, 2014 WL 585326, at *2 (D. Haw. Feb. 14, 2014) ("[A] claim for declaratory relief that does seek money damages is in the nature of assumpsit (citations omitted)). Plaintiff's declaratory judgment action in this case, however, did not seek monetary or consequential damages. Accordingly, the relief Plaintiff seeks is neither connected to a contractual right nor of the type Hawaii courts have viewed as indicating that an action is one of assumpsit. See, e.g., id.; Great Divide Ins. Co., 2007 WL 2484322, at *4 ("It is well-established in Hawai'i then that declaratory judgment actions . . . that do not seek monetary damages are not in the nature of assumpsit.").

14

Defendant also cites Ninth Circuit and Hawaii case law to support its position that this is an action of assumpsit. Obj. at 10, 12. This case law generally stands for the proposition that, "[w]hen there is doubt as to whether [an] action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982). Moreover, this authority explains that "the presumption in favor of assumpsit is strengthened when the plaintiff has prayed for attorneys' fees in his original complaint." Id. Defendant contends that any doubt should therefore be resolved in its favor because Plaintiff's prayer for relief includes a request for attorneys' fees and costs. Obj. at 12.

The Court finds these principles inapplicable here. The presumption in favor of assumpsit by its terms applies only where doubt exists as to whether an action is in assumpsit or tort. See Great Divide Ins. Co., 2007 WL 2484322, at *5 (finding "these principles . . . inapplicable" where the party seeking fees relied upon several of the same authorities). Based on the foregoing, the Court does not harbor significant doubts about the nature of this action. Absent doubt, moreover, the Court does not find Plaintiff's prayer for attorneys' fees and costs to weigh in favor of assumpsit.

The authority to which Defendant cites is not to the contrary. For example, in Ranger Insurance Co. v. Hinshaw, the Hawaii Supreme Court held that the plaintiff's declaratory judgment action was in the nature of assumpsit because the plaintiff sought consequential damages—namely, the reimbursement of attorneys' fees and costs expended defending an underlying tort case. 103 Haw. 26, 33-34, 79 P.3d 119, 126-27 (Haw. 2003). Here, by contrast, the attorneys' fees and costs Plaintiff sought pertained to this case rather than an underlying action. Plaintiff's prayer for attorneys' fees and costs thus does not function as a request for consequential damages strengthening the presumption in favor of assumpsit. See Leong, 2010 WL 3210755, at *3 ("Here, although Plaintiff prays for attorneys' fees, said request does not amount to a request for consequential damages, as the attorneys' fees pertain to the instant action, not the defense of the underlying state court action."); Great Divide Ins. Co., 2007 WL 2484322, at *4 (same).

Similarly, Defendant cites no authority standing for the proposition that a prayer for attorneys' fees and costs alone is sufficient to indicate that an action is in the nature of assumpsit. See, e.g., Healy-Tibbits, 673 F.2d at 286 (considering the plaintiff's prayer for attorneys' fees and costs where the nature of the action was doubtful because the complaint included five assumpsit claims and two tort claims);

Great Divide Ins. Co., 2007 WL 2484322, at *5-6 (distinguishing Healy-Tibbits and explaining that "although Plaintiff prayed for attorneys' fees in its original complaint, it did not seek damages nor did the complaint include tort claims that would give rise to any doubt as to whether or not the claims were in the nature of assumpsit").

After reviewing "the substance of the entire pleading, the nature of the grievance, and the relief sought," S. Utsunomiya Enters., Inc., 76 Haw. at 400, 879 P.2d at 505, the Court finds that this declaratory action is not in the nature of assumpsit. Defendant is therefore not entitled to recover its attorneys' fees under HRS § 607-14.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Deny Defendant's Motion for Award of Attorneys' Fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2018.

_____
Alan C. Kay
Sr. United States District Judge

Iolani Islander, LLC v. Stewart Title Guaranty Company, Civ. No. 16-00429 ACK-RLP, Order Adopting the Findings and Recommendation to Deny Defendant's Motion for Award of Attorneys' Fees.